This case was tried before
Mr. Justice Johnson,
who delivered the opinion of the Court.
Is. The question of location went to the jury, after very able arguments on both sides,[1] aided by the views which the Court took of the very great variety of facts which the case presented, and they have determined it impartially, and in all probability, correctly ; at least the Court cannot see that manifest error which would entitle the defendant to a new trial.
*2d. Sround is predicated upon a mistaken view, as it appears to me, of the facts out of which it arises. The executors of Robert Davis do not pretend to derive their power to dispose of the land from his will. It could give them no such power; it was not executed agreeably to the statute of frauds, and was therefore insufficient; but he had no title, and could not therefore authorize them to convey. It is from the deed of John Davis, in whom the. legal estate was, that they derived their power. It is true, that, in directing the uses, he referred to this will; and so he might have done to any other instrument, however imperfect or insufficient it might of itself have been to pass the property. The reference to the will in the deed, had the effect in law of incorporating it with, and making it a part of, the deed itself; so that in fact the will of Robert Davis was the deed of John Davis.
3. The evidence objected to as inadmissible, in the third ground, was not objected to on the trial below. I think, however, that, notwithstanding it was verba], like all other evidence in relation to location, it was admissible ; *233 without it, it would be impossible ever to locate any grant. The paper cannot point to the spot, where the marks of location stand, and it must of necessity be proven by some person who saw it, and in this view the evidence was certainly admissible. On the subject of this evidence, I did not charge the jury, as is supposed in the brief, generally, that the defendant was bound by his compromise, but, that where the question of location was so nicely balanced, as to render it difficult, if not impossible, to determine with precision where the true location was, they might regard it as evidence of the location, and especially when, by dividing the disputed land, they had fixed on a principle most likely to answer the ends of justice ; and if they were satisfied beyond controversy, that the true location gave the land to the defendant, he was not bounded by it, as he had not parted with the title in *the manner directed by law, which requires, that it should be done in writing ; and I yet entertain the same opinion. Whatever view may be taken of this question, it cannot avail the defendant; because, by the verdict of the jury, it appears, that they were uninfluenced by it, as they established the defendant’s location far short of this line.
Williams, for the motion. W. F. Be Saussure, contra.
The motion must therefore be discharged.
Colcock, Nott, Cheves and Gantt, JJ., concurred.

 Seo 2 MoM. 47, 79 : 1 Rick. 384: 6 Rich. 90.

 287-8.